# Edward S. Richards v. Antoinette R. Maynard, Executrix, etc., and William A. Gardner.

1. PARTNERSHIP—*Rights Accruing Before the Death of a Partner—Firm Assets.*—Where a cause of action for the breach of a contract accrues before the death of a partner, the recovery of damages for the same is to be listed as a firm asset.

2. SAME—*Compensation of Surviving Partner.*—Where services in excess of the mere winding up the business of a partnership are rendered, the partner rendering them is entitled to compensation for such excess.

Administration of Estates.—Transcript from the Probate Court of Cook County.  Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.  Heard in this court at the October term, 1895.  Affirmed in part and reversed in part. (See opinion.) Opinion filed December 12, 1895.

FRANK A. JOHNSON and WILLIAM BROWN, attorneys for appellant.

GARDNER & McFADON, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case is a result of the litigation reported in L. S. & M. S. Ry. v. Richards, 40 Ill. App. 560; 152 Ill. 59.

As is there shown, the appellant had a contract with the railway, covering a period of ten years, from January 2, 1884, which he assigned, with the consent of the railway, to the firm composed of himself and Maynard, who died in 1887, long after the railway had refused to continue to perform its part of the contract.

That litigation was upon the theory that the refusal by the railway entitled the present appellant, as surviving partner, to recover as damages the loss sustained by the firm in consequence of that refusal—treating it as a total breach on the part of the railway.

As the fruit of that litigation and a previous suit, the sum of $86,766.59 net, came to the hands of the appellant, from

which $7,500 is, by the decree herein, directed to be paid to William A. Gardner for his services in the litigation.

That direction is one of the matters complained of on this appeal, and with reference to it we need only say, that the sum was fixed by the court below after hearing a good deal of evidence *pro* and *con*, and we see no reason for disturbing the result.

There are two questions which we must decide:

First. Maynard having died before the litigation referred to was begun, is the whole amount recovered to be treated as partnership assets, or only such a part thereof as is in the ratio to the whole amount that Maynard's continuance in life, after the refusal by the railway, bears to the then whole unexpired term of the contract? The argument for the appellant is, in short, that the death of Maynard dissolved the partnership; that after his death and before suit begun against it, the railway might have withdrawn its refusal, in which case the appellant would have been required to perform the contract alone.

We are sufficiently doubtful of our ability to decide this question aright, to prevent us from speculating upon supposititious cases.

The fact is, that the refusal never was withdrawn, and the suit against the railway and the recovery therein, was upon a cause of action vested in the firm before the death of Maynard, viz., the damages, to be presently assessed, for the breach of the contract by the railway. We hold, therefore, that the amount recovered was a firm asset.

Second. Is the appellant entitled to compensation, out of the assets, before division, for his services in the litigation with the railway? That his labors were arduous, long continued, valuable — nay, indispensable — can not be denied. They were of a character that only he could have performed them. Without disparaging the services of the attorneys who prosecuted the claim for the damages recovered, it is quite conceivable that others might have been as successful, but no other man could have contributed as the appellant did to the result. It is not too much to say that

in personal effort, in intellectual ability, in constant, unremitting vigilance, his services deserve as great reward as the principal attorney earned and received.

That sum was $15,000. In equity and good conscience, he ought to have it, and ought not to be charged with interest upon money in his hands, the right to which was litigated in apparent good faith on both sides. . Without the zeal and labor of the appellant, it is safe to say that Mrs. Maynard, the executrix of John W. Maynard, would never have obtained anything from the railway.

See authorities as to such compensation collected in 17 Am. & Eng. Ency. of Law, 1183.

On this basis the decree in favor of Mrs. Maynard should be reduced from $24,856.23 to $16,713.77.

E. & O. E.

The principle of the decree in her favor is affirmed as to the latter sum and reversed as to the residue, and the decree in favor of Gardner is affirmed. The costs of the whole litigation beginning in the Probate Court, coming through the Circuit Court and this court to be divided equally between the appellant and the appellee Maynard; and the cause is remanded to the Circuit Court, with directions to carry out the views here expressed, by deducting the amount of her costs from the amount of the appellant's costs, and render a decree in her favor for $16,713.77, less one-half of the excess of his costs over hers.